IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ELMER E. SHEARER, JR., )
　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　)
　-vs- ) Civil Action No. 18-80
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
　　　　　　　　　　　　　　　　　　　)
　　　　Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 18 and 20). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 19 and 21). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 18) and granting Defendant's Motion for Summary Judgment. (ECF No. 21).

**I.　BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security finding him no longer disabled within the meaning of the Social Security Act. Initially, Plaintiff was found to be disabled as of March 26, 2010. (ECF No. 8-8, p, 5). On September 30, 2014, Plaintiff was found to no longer be disabled as of September 30, 2014. *Id.* Plaintiff requested a hearing. *Id.* Administrative Law Judge ("ALJ"), Marty R. Pillion, held a hearing on May 13, 2016. (ECF No. 8-9, pp. 2-41). On July 25, 2016, the ALJ found that Plaintiff's disability ended on September 30, 2014. (ECF No. 8-8, pp. 5-22).

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos.18 and 20). The issues are now ripe for review.

II.  **LEGAL ANALYSIS**

   A.  **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986). In cases involving a continuing disability review ("CDR"), entitlement to benefits will be reviewed periodically. 20 C.F.R. §§404.1594, 416.994. A beneficiary is no longer entitled to benefits where his/her medical condition improves to the extent that he/she can engage in substantial gainful activity. *Id.* Medical improvement is

2

defined as "any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs, and/or laboratory findings associated with your impairment(s)." *Id.* At §§404.1594(b)(1); 416.994(b)(1)(i). "When new evidence showing a change in signs, symptoms and laboratory findings establishes that both medical improvement has occurred and your functional capacity to perform basic work activities, or residual functional capacity, has increased, we say that medical improvement which is related to your ability to do work has occurred." *Id.* at §§404.1594(b)(4)(i); 416.994(b)(iv)(A). Finally, the ALJ will consider whether the beneficiary is able to engage in substantial gainful activity. §§404.1594(b)(5); 416.994(b)(v).

### B. <u>Statements from Plaintiff's In-Laws</u>

Plaintiff argues that ALJ erred in failing to consider statements provided by his in-laws dated May 2, 2016. (ECF No. 19, pp. 10-11; ECF No. 8-17, pp. 20-21). Both statements recount an instance on March 27, 2016, when Plaintiff unexpectedly passed out. *Id.* As a result, Plaintiff submits that the case must be remanded.

After a review of the record, I disagree. Just because a piece of evidence in the record is not mentioned in an ALJ's opinion does not mean, necessarily, that the evidence was not considered, as Plaintiff suggests. In this case, during the hearing, the ALJ questioned Plaintiff about the statements from Plaintiff's in-laws and how often instances of passing out/falling happen, thus evidencing the ALJ's consideration of the same. (ECF No. 8-9, pp. 25-27). Additionally, throughout his opinion, the ALJ noted that he made his decision after consideration of the entire case record and that it was based on all of the evidence. (ECF No. 8-8, p. 13). The ALJ also mentioned and discussed, at length, Plaintiff's issues with fainting and the medical evidence related thereto. *Id.,* pp. 13-20.

There is no requirement for an ALJ to discuss or refer to every piece of relevant

evidence in the record, as long as the reviewing court can determine the basis of the decision. *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94 Fed. Appx. 130, *2 (3d Cir. April 16, 2004) ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record."). After a review of the record, I find that I am able to sufficiently discern the basis for the ALJ's opinion and find that it is based on substantial evidence. (ECF No. 8-8, pp. 5-22). This is especially true in this case where the statements at issue were describing a type of event, fainting/passing out, that was considered and fully discussed. *Id.* Furthermore, I note that Plaintiff does not suggest or indicate how a specific citation in the opinion to the in-laws' statements would change the opinion evidence or the opinion of the ALJ. (ECF No. 19, pp. 10-11). The statements are not expert opinions and do not provide any information on how this instance affects Plaintiff's ability to function on a daily basis. Thus, I find the ALJ did not err in failing to specifically cite to the statements of Plaintiff's in-laws describing a fainting spell on May 2, 2016.

### B. Weighing Opinion Evidence

Plaintiff argues that the ALJ erred rejecting the opinion of his treating physician, Dr. Putnam. (ECF No. 19, pp. 11-12). Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other

substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

Plaintiff argues that the ALJ erred in rejecting his treating physician, Dr. Putnam. (ECF No. 19, pp. 11-12). In support of the same, Plaintiff suggests that because Dr. Putnam's opinion was used previously to determine he was disabled and that Dr. Putnam's current opinion does not opine that he has improved to the point of where he could return to work, the ALJ erred in rejecting the opinion. *Id.* at p. 11. Additionally, Plaintiff submits that the ALJ did not cite to any

conflicting evidence to reject Dr. Putnam's opinion. *Id.* at pp. 11-12. After a review of the record, I disagree.

An ALJ is not required to accept the treating physician's opinion uncritically. Rather, the ALJ must weigh all of the evidence of the record at that time as set forth above. In this case, that is exactly what the ALJ did. (ECF No. 8-8, pp. 5-22). He reviewed all of the evidence and then properly assigned weight to the opinion evidence. For example, the ALJ went through the opinion of Dr. Putnam explaining how her opinion was internally inconsistent and inconsistent with the more recent medical evidence of record, including the opinions of Dr. Reardon, Dr. Fox, Dr. Brace and Dr. Schnepp. (ECF No. 8-8, pp. 17-20). Consistency/inconsistency is a valid and acceptable reason for weighing opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). I find there is substantial evidence to support the ALJ's weighing of said opinion evidence. (ECF No. 8-8, pp. 5-22). Consequently, I find no error in this regard and remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ELMER E. SHEARER, JR., )
 )
    Plaintiff, )
 )
 -vs- ) Civil Action No. 18-80
 )
 )
NANCY A. BERRYHILL,[2] )
COMMISSIONER OF SOCIAL SECURITY, )
 )
    Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 26th day of February, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 18) is denied and Defendant's Motion for Summary Judgment (ECF No. 20) is granted.

    BY THE COURT:

    s/ Donetta W. Ambrose
    Donetta W. Ambrose
    United States Senior District Judge

---

[2] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.